Filed 9/28/16  P. v. Sheppard CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B269850 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA036266) |
| v. | |
| LONNIE CHARLES SHEPPARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Carol J. Naj, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Lonnie Charles Sheppard appeals from the order denying his petition to recall his sentence and for resentencing under Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18).[1]  In 1997, appellant was convicted of felony hit and run (Veh. Code, § 20001, subd. (a) (count 1)) and felony child endangerment (Pen. Code, § 273a, subd. (a) (count 2)).  The trial court treated his four prior strike convictions as one strike, and imposed a second-strike sentence on May 23, 1997.[2]

On August 18, 2015, appellant petitioned to have his sentence recalled and for resentencing under Proposition 47.  The trial court denied the petition, finding that the convictions did not qualify for resentencing under Proposition 47.

Appellant filed a notice of appeal from the August 18, 2015 order denying his petition.  We appointed counsel to represent him.  After reviewing the record, counsel filed an opening brief requesting this court to independently review the record pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441.  On April 18, 2016, we directed counsel to send the record on this appeal and a copy of the opening brief to appellant.  On that date, we also notified appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider.  We have received no response from him.

---

[1] "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (Penal Code, § 1170.18, subd. (a).)

[2] The May 23, 1997 order is unclear whether the sentence imposed was 10 or 11 years.  The order reflects an 8-year sentence on count 2 (mid-term of 4 years, doubled) and a consecutive 2-year sentence on count 1 (1/3 the mid-term of 3 years, doubled).  It states that a 1-year enhancement under section 667.5, subdivision (b) was vacated, which would result in a 10-year sentence, but also states that the sentence "for both counts is 11 years."  It is not necessary to resolve this discrepancy in order to review the order denying the petition.

We have examined the entire record and are satisfied that appellant's counsel has fully complied with his responsibilities and that no arguable appellate issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EPSTEIN, P. J.

We concur:


WILLHITE, J.


COLLINS, J.

3